** Summary ** ELECTRIC UTILITY IS INDUSTRIAL CORPORATION FOR PURPOSE OF CERTAIN TAX EXEMPTIONS Mortgagees of an electric utility company may qualify for exemption from the real estate mortgage tax under the last sentence of 68 O.S. 1908 [68-1908] (1971) when that statute is otherwise applicable, because an electric utility corporation is an "industrial corporation." The Attorney General has considered your request for an opinion construing a proviso to 68 O.S. 1908 [68-1908] (1971) exempting from the real estate mortgage tax mortgages executed by "any domestic railroad, transportation, transmission or industrial corporation" under certain circumstances. The specific inquiry concerns whether an electric utility company is a "railroad, transportation, transmission or industrial corporation" such that its mortgagees are exempt from payment of the real estate mortgage tax. The Oklahoma real estate mortgage tax is created and defined in 68 O.S. 1901-10 [68-1901-10] (1971). For purposes of the Act, a real estate mortgage includes every conveyance intended to secure the payment of money by a lien upon real estate. 68 O.S. 1901 [68-1901] (1971). The tax is levied according to rates established in 68 O.S. 1904 [68-1904] (1971), which also requires that in all cases the mortgage tax shall be paid by the mortgagee. Section 68 O.S. 1908 of Title 68 contains provisions governing corporate mortgages. The last sentence of Section 1908 provides: "Provided, however, that where a mortgage, or deed of trust, is executed to secure the payment of bonds issued by any domestic railroad, transportation, transmission or industrial corporation and the money derived from the sale of said bonds so secured by said mortgage, or deed of trust, is to be used for the creation, construction, building, improving and erecting of property that will be subject to an ad valorem tax in the county where the same is situated, there shall be paid a recording fee on said mortgage, or deed of trust, so executed for recording said mortgage, or deed of trust, the sum of twenty-five cents for the first folio and ten cents for each additional folio and fifty cents for indexing and recorder's certificate instead of the fees designated in this Article, and on payment of same shall not be subject to the penalties prescribed in this Article." The quoted proviso requires the payment of only a nominal recording fee in lieu of the real estate mortgage tax when a covered corporate mortgagor executes the mortgage to secure payment of corporate bonds, the proceeds of which will be used for the construction of property subject to ad valorem taxation in Oklahoma. The question for determination is whether an electric utility company is a "railroad, transportation, transmission or industrial corporation" under the terms of the proviso and therefore exempt from the real estate mortgage tax when the proviso to Section 1908 is otherwise applicable. Only brief analysis is needed to reveal that an electric utility company is not a "railroad, transportation, or transmission" corporation. No rational argument that an electric utility company is a railroad corporation can possibly be made. The terms "transportation company" and "transmission company" are specifically defined in Okl. Const. Article IX, Section 34 and 68 O.S. 2442 [68-2442] (1971) in such a manner that electric utility companies are excluded. Title 68 O.S. 2442 [68-2442] (1971) provides in part as follows: "As used in this Article the term 'transportation company' shall include any company, corporation, trustee, receiver or any other person owning, leasing or operating for hire, a railroad, street railway, canal, steamboat line, and also any sleeping car company, parlor car company and express company, and any other company, trustee, or person in any way engaged in such business as a common carrier. The term 'transmission company' shall include any company, corporation, trustee, receiver or other person owning, leasing, or operating for hire any telegraph or telephone line or radio broadcasting system. The term 'public service corporation,' as used in this Article, shall include all transportation and transmission companies, all gas, electric, light, heat and power companies. . . ." The definitions of these terms in the Oklahoma Constitution are identical. The term "transportation company" includes only common carriers; the term "transmission company" includes only telephone and telegraph companies. Also, the definition of a "public service corporation" lists electric companies as included in the definition separately from transmission and transportation companies. An electric utility company may therefore be exempt from the real estate mortgage tax under 68 O.S. 1908 [68-1908] (1971) only if it is an "industrial corporation" within the meaning of that statute. The word " industry " has a very broad meaning. " Industrial " includes anything pertaining to or relating to industry. "Industry" includes the "aggregate of manufacturing or technically productive enterprises in a particular field, often named after its principal product . . . trade or manufacture in general . . . the ownership and management of companies, factories, etc." The Random House Dictionary of the English Language 727 (Unabridged Ed. 1968). In Chicago R.I. P. Ry. Co. v. State, 83 Okl. 161, 201 P. 260
(1921), the Oklahoma Supreme Court construed the phrase "any . . . mine, or any sawmill, grain elevator, or other industry. . . ." as contained in Okl. Const. Article IX, Section 33. The court stated that under the constitutional provisions, "a farm comes within the class designated as 'other industry.' " 201 P. at 264. The court quoted with approval the following definition of the term "industry:" "Any department or branch of art, occupation or business; esp., one which employs much labor and capital and is a distinct branch of trade; as, the sugar industry; the iron industry; the cotton industry; agriculture industries.'201 P. at 264. Even if the term "industry" is restricted to include only manufacturing corporations, an electric utility company would be included. The weight of authority holds that the production of electric energy is a manufacturing process. Minnesota Power and Light Co. v. Personal Property Taxing District, Minn., 182 N.W.2d 685
(1970); People ex. rel. Brush Electric Illuminating Co. v. Wemple, 129 N.Y. 543, 29 N.E. 808 (1892); Annot., Taxes — "Manufacturing," 17 A.L.R. 3d 7, 102 (1968). Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. Title 25 O.S. 1 [25-1] (1971). Therefore, an electric utility company must be considered an industrial corporation. It is therefore the opinion of the Attorney General that mortgagees of electric utility companies may qualify for exemption from the real estate mortgage tax under the last sentence of 68 O.S. 1908 [68-1908] (1971) when that statute is otherwise applicable, because an electric utility company must be considered an "industrial corporation." However, literal compliance with the other requirements of the proviso to Section 1908 must also be shown before an exemption will be granted. See Chase Manhattan Bank v. Cantrell, Okl., 493 P.2d 424 (1972). (Charles L. Pain)